Law Offices of Robert David Baker
Robert David Baker, Esq. (87314)
1611 The Alameda
San Jose, CA 95126
(408) 292-8555
Facsimile: (408) 292-0703

Attorney for Plaintiffs
RAJINDER KAUR AND GUDAWAR SINGH

FILED
2007 SEP 17 P 3:43
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA,

| RAJINDER KAUR, GUDAWAR SINGH; | CASE NO. |
| --- | --- |
| Plaintiff, | C07 04779 HRL |
| vs. | COMPLAINT FOR DAMAGES |
| QUEEN'S DONUT AND ICE CREAM, INC., (A DISSOLVED CALIFORNIA CORPORATION); MIKE ATKAR; | |
| Defendants. | |

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action to require Defendants to pay overtime wages and wages for rest breaks, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. (hereinafter referred to as "FLSA") and under California law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiffs claims pursuant to 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and the doctrine of pendent jurisdiction.

## PARTIES

3. Defendants are Queen's Donut and Ice Cream, Inc., a dissolved California Corporation, and Mike Atkar, an individual. Plaintiffs are informed and believe that each individual defendant has personally participated, directed and authorized the illegal conduct set forth hereinafter. The conduct of Atkar was done in the course and scope of his ownership of Queen's Donut and Ice Cream, Inc.

## FACTS

4. Plaintiff Gudawar Singh was hired by Queen's Donut and Ice Cream, Inc., on or about October of 2003. He quit his employment on September 15, 2004. Plaintiff Rajinder Kaur was hired by Queen's Donut and Ice Cream, Inc., on or about September 10, 2001, and quit her employment on September 15, 2004.

5. For each Plaintiff, from May 22, 2006, through the statutory period, Plaintiffs worked in excess of 8 hours per day and 40 hours per week. Plaintiffs received no overtime compensation for the overtime hours worked. Plaintiffs also received no meal and rest break during this term of employment. Each Plaintiff has had pending with the State of California, Department of Industrial Relations, from May 22, 2006, to the filing of this complaint, a claim for overtime, wages, and meal and rest break compensation. That period of time is tolled from any statute of limitations.

6. Defendants failed to pay Plaintiffs wages upon their separation of employment from Neutron;

**FIRST CAUSE OF ACTION**
**(Fraud)**
**(As to Defendant Atkar)**

7. Plaintiffs incorporates those paragraphs 1 through 6, inclusive, as if fully set forth

hereinafter;

8. On or about at the time of each Plaintiffs hire, Atkar represented to Plaintiffs that he would pay Plaintiffs for work performed pursuant to the laws of the United States and the State of California;

9. Plaintiffs justifiably relied on these representations because Atkar held himself out as an honest businessmen;

10. The promises by Atkar were false;

11. As a proximate result of the reliance of Plaintiffs on Atkar's representations, Plaintiffs have suffered a loss of wages and other general damage;

12. As a proximate result of the conduct of Atkar, Plaintiffs have suffered emotional distress;

13. The conduct of Atkar was willful, malicious, fraudulent, oppressive, despicable, reckless, and done without regard for the rights and safety of Plaintiffs, and therefore, an award of exemplary damages are appropriate to deter such conduct in the future.

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER

## SECOND CAUSE OF ACTION
(Non-Payment of Overtime Wages – California)
(Labor Code §§ 510,)
(As to All Defendants)

14. Plaintiffs incorporate those paragraphs 1 through 13, inclusive, as if fully set forth hereinafter.

15. During the statutory period covered hereby, while Plaintiffs were employed by Defendants, Plaintiffs worked in a non-exempt occupation. Defendants knowingly

caused, suffered, and permitted Plaintiffs to work in excess of eight hours per day and forty hours per week without paying Plaintiffs overtime wages according to California law. Defendants were fully aware of both the hours worked and duties assigned to Plaintiffs and others similarly situated;

16. By not paying overtime wages in compliance with state law, Defendants violated Plaintiffs rights under the law, specifically, California Labor Code sections 510;

17. As a direct and proximate result of Defendants' failure to pay overtime wages under California law, Plaintiffs have incurred damages in the form of loss of wages and bonuses;

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER

### THIRD CAUSE OF ACTION
**(Non-Payment of Wages On Regular Pay Periods– California)**
**(Labor Code §203, 204)**
**(As to All Defendants)**

18. Plaintiffs incorporate those paragraphs 1 through 17, inclusive, as if fully set forth hereinafter.

19. During the statutory period, Defendants knowingly caused, suffered, and permitted Plaintiffs to work without paying Plaintiffs the agreed upon earned compensation and bonuses at regular and routine pay periods and upon separation of employment, in violation of California Labor Code §§ 203, 204;

20. As a direct and proximate result of Defendants' failure to pay wages under California law on regular and routine pay periods and at separation of employment, Plaintiffs have incurred special damages in the form of loss of wages;

21. As a direct and proximate result of the violation of California Labor Code §§ 203, 204, Plaintiffs are entitled to interest and penalties as set forth in the California Labor Code;

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER

FOURTH CAUSE OF ACTION
(Non-Payment of Overtime Wages – Federal)
**(29 U.S.C. §201 *et seq.*)**
**(As to All Defendants)**

22. Plaintiffs incorporate those paragraphs 1 through 21, inclusive, as if fully set forth hereinafter.

23. At all times hereinafter alleged, Plaintiffs and others similarly situated were employed by Defendants within the meaning of the FLSA, 29 U.S.C. §203(d);

24. At all times hereinafter alleged, Plaintiffs and others similarly situated were employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §203(d). Plaintiffs are informed and believe that each of these defendants in some material manner had the authority to hire and fire Plaintiffs; controlled Plaintiffs hours of work and work conditions; determined Plaintiffs rate and method of compensation, and; maintained Plaintiffs employment records;

25. During the period of each Plaintiffs employment, Plaintiffs worked in a non-exempt occupation for purposes of overtime pay;

26. During the period of each Plaintiffs employment, Defendants knowingly caused, suffered, and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs and others similarly situated one and one-half times their

wages as overtime compensation;

27. Defendants violated the FLSA, 29 U.S.C. §207(a)(1) by failing to pay Plaintiffs overtime wages. The violation was willful;

28. As a direct and proximate result of Defendants' failure to pay overtime wages under the FLSA, Plaintiffs have incurred special damages in the form of loss of wages.

29. As a direct and proximate result of Defendant's failure to pay proper wages under the FLSA, Plaintiffs and others similarly situated are entitled to their overtime wages, an additional and equal amount in liquidated damages, and other penalties pursuant to 29 U.S.C. §216(b);

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER

### FIFTH CAUSE OF ACTION
### (Non-Payment of Wages On Regular Pay Periods)
### (FLSA)
### (As to All Defendants)

30. Plaintiffs incorporate those paragraphs 1 through 29, inclusive, as if fully set forth hereinafter;

31. During the period of each Plaintiffs employment, Defendants knowingly caused, suffered, and permitted Plaintiffs to work without paying Plaintiffs the agreed upon earned compensation and bonuses at regular and routine pay periods and upon separation of employment, in violation of the FLSA, 29 U.S.C. 201, et seq.;

32. As a direct and proximate result of Defendants' failure to pay wages under the FLSA on regular and routine pay periods and at separation of employment, Plaintiffs have incurred special damages in the form of loss of wages;

33. The Defendants were aware of the existence and requirements of FLSA and intentionally disregarded that law;

34. As a direct and proximate result of Defendant's failure to pay proper wages under the FLSA, Plaintiffs and others similarly situated are entitled to their wages and bonuses, an additional and equal amount in liquidated damages, and other penalties pursuant to 29 U.S.C. §216(b);

THEREFORE, PLAINTIFFS PRAY FOR DAMAGES AS SET FORTH HEREINAFTER

1. For general and compensatory damages according to proof;

2. For special damages according to proof;

3. For attorney fees for the Second through Fifth Causes of Action according to proof;

4. For liquidated damages under the FLSA for the Fourth and Fifth Causes of Action;

5. For penalties and interest, including pre-judgment interest;

6. For exemplary damages;

7. For costs of suit;

8. For such other and further relief as this court deems appropriate.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES.**

Dated: September 17, 2007

Law Offices of Robert David Baker
Robert David Baker, Esq. (87314)
Attorney for Plaintiff