Rona P. Layton (SBN: 121238)
SIMS & LAYTON
84 W. Santa Clara St., #660
San Jose, CA 95113
(408) 998-3400

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJWINDER KAUR and GUDAWAR SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>QUEEN'S DONUT AND ICE CREAM, INC, (A DISSOLVED CALIFORNIA CORPORATION); MIKE ATKAR;<br><br>Defendants. | CASE NO. C07-04779 HRL<br><br>ANSWER OF DEFENDANTS QUEENS DONUT AND ICE CREAM, INC, (A DISSOLVED CALIFORNIA CORPORATION) AND MIKE ATKAR TO COMPLAINT |

QUEENS DONUT AND ICE CREAM, INC., (QUEENS), a dissolved California Corporation and MIKE ATKAR (DEFENDANTS) answer the Complaint of Plaintiffs RAJWINDER KAUR, (KAUR) and GUDAWAR SINGH (SINGH) (PLAINTIFFS) as follows in accordance with the numbered paragraphs thereof:

1. DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA.

2. DEFENDANTS deny subject matter jurisdiction of this action as DEFENDANTS do not meet the required threshold for the application of the Fair Labor Standards Act, 29 U.S.C. §§201. et. seq. (FLSA), and the pendant jurisdiction of this Court.

Defendants' Answer- C07-04779 HRL         1

| | | |
|---|---|---|
| 1 | 3. | DEFENDANTS deny all allegations of this paragraph, as this is not the proper court. |
| 2 | 4. | DEFENDANTS deny the allegations of this paragraph. SINGH was not hired by QUEENS until February of 2004. SINGH resigned his employment on September 15, 2004. Defendants admit the final allegations of this paragraph. |
| 5 | 5. | DEFENDANTS deny the allegations of this paragraph. The PLAINTIFFS did not work in excess of 8 hours per day and 40 hours per week. PLAINTIFFS were never entitled to overtime pay. PLAINTIFFS also were able to receive meal and rest breaks during their term of employment. DEFENDANTS admit the final allegation of this paragraph. |
| 10 | 6. | DEFENDANTS deny the allegations of this paragraph. |
| 11 | 7. | DEFENDANTS' responses to the allegations of paragraphs 1 through 6 are realleged and incorporated herein by reference. |
| 13 | 8. | DEFENDANTS deny the allegations of this paragraph. ATKAR paid all sums of money owed to the PLAINTIFFS pursuant to the laws of the United States and the State of California. |
| 16 | 9. | DEFENDANTS admit the allegations of this paragraph. |
| 17 | 10. | DEFENDANTS deny the allegations of this paragraph. The promises by ATKAR for payment are true. |
| 19 | 11. | DEFENDANTS deny the allegations of this paragraph. PLAINTIFFS were paid all wages earned during their employment with DEFENDANTS. |
| 21 | 12. | DEFENDANTS deny the allegations of this paragraph. PLAINTIFFS have not suffered emotional distress as a result of ATKAR'S conduct. |
| 23 | 13. | DEFENDANTS deny the allegations of this paragraph. The conduct of ATKAR was not willful, malicious, fraudulent, oppressive, despicable, reckless or done without the regard for the rights and safety of PLAINTIFFS. |
| 26 | 14. | DEFENDANTS' responses to the allegations of paragraphs 1 through 13 are realleged and incorporated herein by reference. |
| 28 | 15. | DEFENDANTS deny the allegations of this paragraph. PLAINTIFFS never worked |

more than 8 hours at any shift. PLAINTIFFS were not entitled to Overtime under California Law. DEFENDANTS admit the remainder of this allegation.

16. DEFENDANTS deny the allegations of this paragraph. PLAINTIFFS' rights were not violated under California Labor Code Sections 510.

17. DEFENDANTS deny the allegations of this paragraph. PLAINTIFFS have received all wages owed, and PLAINTIFFS have never been due bonuses.

18. DEFENDANTS' responses to the allegations of paragraphs 1 through 17 are realleged and incorporated herein by reference.

19. DEFENDANTS deny the allegations of this paragraph. DEFENDANTS paid PLAINTIFFS the agreed upon earned compensation at regular and routine pay periods. At the time of employment separation, PLAINTIFFS departed and caused themselves to be hidden so as to avoid payment and contact by DEFENDANTS.

20. DEFENDANTS deny the allegations of this paragraph. DEFENDANTS paid all wages earned under California law. PLAINTIFFS have not incurred any special damages in the form of loss of wages.

21. DEFENDANTS deny the allegations of this paragraph. PLAINTIFFS are not entitled to interest and penalties under California Labor Code §§ 203, 204. PLAINTIFFS actively avoided payment by DEFENDANTS.

22. DEFENDANTS responses to the allegations of paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA. DEFENDANT QUEENS is a dissolved California Corporation. ATKAR is the owner/employee of QUEENS, which had fewer than 5 employees.

24. DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA.

25. DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA.

26. DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA.

27. DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA.

28. DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA.

| | | |
|---|---|---|
| 1 | 29. | DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA. |
| 2 | 30. | DEFENDANTS' responses to the allegations of paragraphs 1 through 29 are realleged and incorporated herein by reference. |
| 4 | 31. | DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA. |
| 5 | 32. | DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA. |
| 6 | 33. | DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA. |
| 7 | 34. | DEFENDANTS deny this paragraph, as DEFENDANTS are not subject to the FLSA. |

**Affirmative Defenses**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendants allege that they are not subject to the jurisdiction of this Court.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendants allege that the Complaint fails to state facts sufficient to support a claim for punitive damages against Defendants.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendants allege that Plaintiffs are estopped from alleging the matters set forth in the Complaint.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN Defendants allege that all employment decisions made by Defendants which affected Plaintiffs were made without malice, in good faith and for legitimate business reasons.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, Defendants allege that the Complaint is barred in part or in whole by the doctrine of unclean hands.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, DEFENDANTS allege that any recovery on Plaintiffs' Complaint is barred in whole or in part by Plaintiffs' failure to mitigate damages.

Defendants' Answer- C07-04779 HRL                4

1     AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE
2 HEREIN, Defendants presently have insufficient knowledge or information on which to form a
3 belief as to whether they may have additional, as yet unstated, defenses available.  Defendants
4 reserve herein the right to assert additional defenses in the event discovery indicates that they would
5 be appropriate.

6     WHEREFORE, Defendants QUEENS DONUTS and MIKE ATKAR pray that Plaintiffs take
7 nothing by reason of their Complaint herein and that Defendants be awarded their costs of suit
8 incurred herein, attorney's fees and such other and further relief as the Court deems just and proper.

9                               SIMS & LAYTON

10
11 Dated: _____  By: _____
                                            RONA P. LAYTON, Attorney for
12                                             Defendants QUEENS DOUNT AND
                                            ICE CREAM, INC, (A DISSOLVED
13                                             CALIFORNIA Corporation) and MIKE
                                            ATKAR

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28