Rona P. Layton (SBN: 121238)
SIMS & LAYTON
84 W. Santa Clara St., #660
San Jose, CA 95113
998-3400
297-1104 (fax)
rlayton@simsandlayton.com

Attorneys for Defendants

Robert David Baker
Law Offices of Robert David Baker
1611 The Alameda
San Jose, CA 95126
292-8555
292-0703 (fax)
attyatlaw@earthlink.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJWINDER KAUR and GUDAWAR SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>QUEEN'S DONUT AND ICE CREAM, INC, (A DISSOLVED CALIFORNIA CORPORATION), MIKE ATKAR,<br><br>Defendants. | CASE NO. C07-04779 JF<br><br>JOINT CASE MANAGEMENT STATEMENT AND RULE 26 (f) REPORT<br><br>CMC Date: January 25, 2008<br>Time:         10:34 a.m.<br>Room:        Courtroom 5<br>Judge:        Hon. Jeremy Fogel |

The parties, Plaintiffs Rajwinder Kaur and Gudawar Singh ("Plaintiffs"), and Defendants Queen's Donut and Ice Cream, Inc., a dissolved corporation, and Mike Atkar ("Defendants"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference scheduled for January 25, 2008, at 10:34 a.m. in Courtroom 5 before the Honorable Jeremy Fogel.

Joint CMC Statement C07-04779 JF                1

## I. JURISDICTION AND SERVICE

Defendants object to the court's jurisdiction, and intend to file a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. This action was brought in federal court pursuant to federal question jurisdiction, under the Fair Labor Standards Act. Defendants allege that due to their size and gross receipts during the relevant period, they are not subject to the FLSA.

All parties have been served.

## II. FACTS

### 1. Plaintiff's Description of the Case

Rajinder Kaur worked for Queen' s Ice Cream from May 22, 2003 to September 15, 2004. Queen's Ice Cream was owned and operated by her brother-in-law. Her pay check was confiscated by her brother-in-law, Mike Atkar. She was not paid overtime, nor given the required meal and rest breaks.

Gudawar Singh worked at Queeen's Ice Cream from October 2003 to September 2004. He was not paid overtime, nor given the required meal and rest breaks.

### 2. Defendants' Description of the Case

Plaintiffs worked for Defendants on a part-time basis, and were paid appropriately.

## III. LEGAL ISSUES

1. Does this Court have jurisdiction over these claims?
2. May Plaintiffs bring a fraud claim against an employer for alleged failure to pay overtime?
3. May Plaintiffs seek emotional distress damages on a wage claim?
4. May Plaintiffs seek punitive damages on a wage claim?

## IV. MOTIONS

### A. Prior and Pending Motions

There are no prior or pending motions.

### B. Plaintiff's Anticipated Motions

Plaintiffs anticipate no motions at this time.

### C. Defendants' Anticipated Motions

1       Defendants anticipate bringing a motion to dismiss and, if that is not granted, a motion for
2 summary judgment.

## V. AMENDMENT OF PLEADINGS

### A. Plaintiff

Depending on the proof adduced, Plaintiffs may bring a motion to amend the complaint to conform to proof.

### B. Defendants

Defendants do not anticipate amending their Answer at this time.

## VI. EVIDENCE PRESERVATION

### A. Plaintiff's Actions

Plaintiffs have preserved all relevant evidence in their possession and custody.

### B. Defendants' Actions

Defendants have preserved all relevant documents relating to Plaintiffs' claims.

## VII. DISCLOSURES

### A. Plaintiff

Plaintiffs will make their disclosures on January 11, 2008.

### B. Defendants

Defendants have made their Initial Disclosures under Federal Rule of Civil Procedure 26.

## VIII. DISCOVERY

### A. Plaintiff's Discovery

Plaintiffs anticipate written discovery and depositions.

### B. Defendants' Discovery

Defendants have not yet begun discovery in this action. Defendants intend to depose Plaintiffs and to serve Plaintiffs with requests for production and interrogatories. Defendants may also serve Plaintiffs with requests for admission.

### C. Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

**1. Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures**

1           **under subdivision (a)(1) were made or will be made?**

2     **2.**     **Rule 26(f)(2): The subjects on which discovery may be needed, when discovery**
3           **should be completed, and whether discovery should be conducted in phases or**
4           **be limited to or focused upon particular issues.**

5 The parties see no reason to limit or focus discovery on particular issues.

6     **3.**     **Rule 26(f)(3): Any issues relating to disclosure or discovery of electronically**
7           **stored information, including the form or forms in which it should be produced.**

8 The parties do not anticipate any issues relating to disclosure or discovery of electronically
9 stored information. They agree to address any such issues in the event they arise.

10     **4.**     **Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to**
11           **trial-preparation material, including - if the parties agree on a procedure to**
12           **assert such claims after production - whether to ask the court to include their**
13           **agreement in an order.**

14 The parties do not anticipate any issues relating to claims of privilege or of protection as to
15 trial-preparation material. They agree to address any such issues in the event they arise.

16     **5.**     **Rule 26(f)(5): What changes should be made in the limitations on discovery**
17           **imposed under the Federal Rules of Civil Procedure or the Local Rules, and**
18           **what other limitations should be imposed?**

19 The parties do not require any other changes to the limitations on discovery proposed by the
20 Federal Rules or Local Rules at this time.

21     **6.**     **Rule 26(f)(6): Any other orders that should be entered by the court under Rule**
22           **26(c) or under Rule 16(b) and (c).**

23 The parties do not request any other orders to be entered by the court under Rule 26(c) or
24 Rule (16(b) and (c).

25 **IX.**     **CLASS ACTIONS**
26     This case is not a class action.
27 **X.**     **RELATED CASES**
28     There are no related cases.

## XI. RELIEF

### A. Plaintiff's Position

Plaintiffs request monetary relief according to proof.

### B. Defendants' Position

Defendants are a small, dissolved corporation and its surviving shareholder. They are being forced to defend themselves against a frivolous lawsuit brought by Defendant Atkar's sister-in-law, for whom Atkar personally spent over $62,000 in room, board, transportation, and high school and college costs, and her husband. Defendants will seek attorney's fees and costs.

## XII. SETTLEMENT AND ADR

The parties have not engaged in settlement discussions. The parties agree to participate in an Early Neutral Evaluation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiffs do no consent to have the action handled by the Magistrate Judge.

## XIV. OTHER REFERENCES

The parties are aware of no other references needed at this time.

## XV. NARROWING OF ISSUES

At this time, the sole dispositive issue appropriate for motion is whether or not this Court has subject matter jurisdiction.

## XVI. EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties agree to the following proposed schedule:

(a) Non-Expert Discovery to be completed by    T.B.D.
(b) Dispositive Motions to be heard by    T.B.D.
(c) Expert Discovery to be completed by    T.B.D.
(d) Pretrial Conference to be conducted on    T.B.D.
(e) Trial requested for _____    T.B.D.

## XVIII. TRIAL

The parties estimate a 4-5 day jury trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiff's Disclosure

Plaintiffs have no disclosure of interested entities or persons.

### B. Defendants' Disclosure

Defendants have filed their Certification of Interested Entities or persons, stating that no such interest exits.

## XX. OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

SIMS & LAYTON

Dated: 1/11/08     By: /s/ Rona P. Layton

RONA P. LAYTON
Attorneys for Defendants

LAW OFFICES OF ROBERT DAVID BAKER

Dated: 1/11/08     By: /s/ Robert David Baker
ROBERT DAVID BAKER
Attorney for Plaintiffs